2010 ND 3

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Randy Scott JENSEN, Defendant and Appellant.**

No. 20090154.

Supreme Court of North Dakota.

Jan. 12, 2010.

Barbara L. Whelan, State's Attorney, Walsh County Courthouse, Grafton, ND, for plaintiff and appellee; submitted on brief.

Gretchen Marie Handy, Grand Forks, ND, for defendant and appellant; submitted on brief.

CROTHERS, Justice.

[¶ 1] Randy Scott Jensen appeals the district court order revoking his probation. We reverse and remand, concluding the district court erred in allowing Jensen to represent himself at the revocation of probation hearing without first determining Jensen voluntarily, knowingly and intelligently waived his right to counsel.

I

[¶ 2] In October 2008, Jensen was sentenced to two year's supervised probation for theft of property. The terms of Jensen's probation required him to abstain from using non-prescribed controlled substances, to abide by all laws and to inform his probation officer of any change in residence. On November 30, 2008, Jensen was arrested in Grand Forks, North Dakota and was cited for driving with a suspended license, driving without liability insurance and driving under the influence of alcohol. On December 3, 2008, Jensen's probation officer called Jensen's reported address and was informed Jensen did not live there. Based on these occurrences, the State petitioned for the revocation of Jensen's probation on December 24, 2008.

[¶ 3] Jensen was arrested on February 17, 2009, and his initial appearance was that same day. At his initial appearance, the district court informed Jensen, "You have the right to be represented by an attorney, and at public expense if you cannot afford one." Jensen said that he understood his rights and that he had no questions regarding them. The court next asked Jensen, "Before I have you respond to these allegations, would you like to first talk with an attorney?" Jensen answered he would not. The district court advised Jensen how to apply for a court appointed attorney and set bail at $7000.

[¶ 4] Jensen applied for indigent legal services on February 20, 2009, claiming he was unemployed and had no monthly income. Jensen's application was condition-

ally denied for failure to submit proof of his earning ability. Jensen was notified his request would be conclusively denied if he did not deliver proof of earning ability to the district court within five days.

[¶ 5] Jensen represented himself on February 26, 2009 when he moved for reduction of bail, claiming he could not post bail at the established rate and he needed to be in Fargo for a doctors appointment and for a court appearance in early March 2009. Jensen also claimed his incarceration prevented him from acquiring the documents necessary to prove his indigence. The district court acknowledged Jensen's claims but declined to reduce bail, informing Jensen somebody else would have to retrieve the documents for him.

[¶ 6] Jensen remained incarcerated and appeared at his March 10, 2009 revocation hearing without counsel. At the start of the hearing, the district court asked Jensen if he was ready to go forward, and Jensen answered in the affirmative. At no time prior to starting the adjudicative phase of this hearing did the district court ask Jensen on the record about proceeding without legal counsel or warn Jensen of the dangers of proceeding without counsel. During the hearing, Jensen objected to the State's exhibits and to the State's allegations. Both objections were overruled. Jensen did not cross-examine the State's only witness, and Jensen testified on his own behalf. Jensen's testimony focused on explaining why his probation officer could not locate him at his reported address.

[¶ 7] Following the hearing, the district court issued an order revoking Jensen's probation, sentencing Jensen to three years in prison, crediting 35 days previously served and suspending 18 months. Jensen timely filed this appeal.

## II

[¶ 8] Jensen argues the district court erred in allowing him to represent himself at the revocation hearing because he did not voluntarily, knowingly or intelligently waive his right to counsel. While a probationer has a right to counsel at a revocation hearing, this right is statutorily based, rather than constitutionally based. N.D.R.Crim.P. 32(f)(3)(A)(iii); *State v. Holbach*, 2007 ND 114, ¶ 6, 735 N.W.2d 862 (disagreeing with the assumption a probationer's right to counsel is based on the Sixth Amendment). Because of the statutory origin of a probationer's right to counsel at a revocation hearing, "[t]he full panoply of rights due a defendant in a criminal proceeding does not apply." *State v. Olson*, 2003 ND 23, ¶ 14, 656 N.W.2d 650. This distinction exists because probation revocation "is not a stage of a criminal prosecution." *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

## III

[¶ 9] At a revocation hearing, the probationer has a right to "representation by retained or appointed counsel unless waived." N.D.R.Crim.P. 32(f)(3)(A)(iii). "Before accepting a waiver of the right to counsel, we have stated the district court should engage in a two-part, fact-specific inquiry to determine the waiver of the right to counsel is voluntary, and to determine the waiver of counsel is made knowingly and intelligently." *Holbach*, 2007 ND 114, ¶ 9, 735 N.W.2d 862. In *Holbach*, we also stated:

"Under the Sixth Amendment, 'the denial of the right to counsel ... requires reversal of a defendant's conviction because prejudice is presumed.' *City of Fargo v. Habiger*, 2004 ND 127, ¶ 18, 682 N.W.2d 300 (quoting *State v. Poitra*, 1998 ND 88, ¶ 7, 578 N.W.2d

121). As a corollary to the right to counsel, a probationer also has the right to self-representation. *See* N.D.R.Crim.P. 32(f)(3)(A)(iii) (probationer has right to counsel unless waived); *Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (discussing the Sixth Amendment right to counsel and the corollary right to self-representation). To assert the right to self-representation, a probationer must necessarily waive the right to counsel. N.D.R.Crim.P. 32(f)(3)(A)(iii); *City of Fargo v. Rockwell*, 1999 ND 125, ¶ 8, 597 N.W.2d 406 ('[B]y electing to proceed pro se a defendant necessarily relinquishes many of the benefits of counsel.'). In *Faretta*, the United States Supreme Court explained that before a defendant can waive the right to counsel, the defendant should be made aware of the dangers and disadvantages of self-representation so the record establishes the defendant's decision is knowingly and intelligently made. 422 U.S. at 834–36, 95 S.Ct. 2525; *accord State v. Dvorak*, 2000 ND 6, ¶ 10, 604 N.W.2d 445. In *Dvorak*, we discussed the proper procedure for obtaining a voluntary, knowing, and intelligent waiver of the right to counsel under the Sixth Amendment:

'In [*State v. Harmon*], 1997 ND 233, ¶ 23 n. 1, 575 N.W.2d 635, we acknowledged increasing problems with defendants who proceed pro se, and suggested "[t]rial courts should be careful to make specific on-the-record determinations about whether a defendant unequivocally, knowingly, and intelligently waived either his right to counsel or self-representation. Such a determination should make clear the dangers and disadvantages of self-representation." Although we have not required trial courts to engage in a specific colloquy with a defendant who appears pro se, we prefer that trial courts eliminate any ambiguity about a waiver by making a specific on-the-record decision the defendant voluntarily, knowingly, and intelligently waived the right to counsel. Our preference for an on-the-record determination parallels the well-established principle that a waiver of the right to counsel will not be presumed from a silent record and courts will indulge every reasonable presumption against waiver.' *Dvorak*, at ¶ 11 (citations omitted)."

*Holbach*, 2007 ND 114, ¶ 8, 735 N.W.2d 862.

[¶ 10] On review of a district court's finding that a probationer voluntarily, knowingly and intelligently waived the right to counsel, we apply a clearly erroneous standard. *Id.* at ¶ 16. Under this standard, the district court's finding will be upheld unless "it is induced by an erroneous view of the law, [ ] it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Heckelsmiller v. State*, 2004 ND 191, ¶ 5, 687 N.W.2d 454.

A

[¶ 11] Jensen argues he did not voluntarily waive his right to counsel. Jensen contends his application for indigent legal services demonstrated his desire to have counsel appointed. For a waiver to be voluntary, an unequivocal statement of the desire to represent one's self is not needed. *State v. Harmon*, 1997 ND 233, ¶ 22, 575 N.W.2d 635. A defendant may forfeit the right to counsel through behavior that is the functional equivalent of a voluntary waiver. *Id.* at ¶ 21. In *Harmon*, the defendant voluntarily waived his right to counsel through repeated requests for substitute counsel. *Id.* A similar result

was reached in *State v. Schneeweiss,* where the defendant manipulated the income on his application for indigent legal services and failed to inform the court of his changed employment status. 2001 ND 120, ¶ 12, 630 N.W.2d 482.

[¶ 12] Here, Jensen's application for indigent legal services indicated he was not employed. But he went on to identify his employment supervisor and to indicate he was unsure if his job was waiting for him. Jensen also reported he had no monthly income and no assets.

[¶ 13] Evidence in the record reflects Jensen's application for indigent legal services contained misrepresentations. Jensen claimed to own the vehicle he was driving when he was stopped for speeding in Grand Forks on November 30, 2008. Jensen also informed the court he was employed as a carpenter at the time of his initial appearance on February 17, 2009. At his revocation hearing on March 10, 2009, Jensen claimed he recently purchased a home in Grand Forks with money he earned while working as a carpenter. By Jensen's admission, he owned a car, was employed and had purchased a home.

[¶ 14] "The right to appointed counsel is a limited right, not an absolute right." *Schneeweiss,* 2001 ND 120, ¶ 6, 630 N.W.2d 482. "We have cautioned there is no legal reason to appoint counsel for defendants who can afford to obtain their own counsel." *Id.* at ¶ 7. When a party applies for court appointed counsel, the burden is on the applicant to show "that he or [she] qualifies for indigent defense services." North Dakota Commission on Legal Counsel for Indigents, *Guidelines to Determine Eligibility for Indigent Defense Services,* III A (2009), http://www.nd.gov/indigents/docs/guidelinesAppendices.pdf.

[¶ 15] Here, the evidence indicates Jensen was employed, he had a source of income and he possessed assets. Jensen's failure to show he qualified for indigent legal services by not providing the district court with proof of his earning ability could have been a basis for the district court to find Jensen's failure was the functional equivalent of a voluntary waiver of the right to counsel. However, the district court did not make that finding. Nor did it make a finding on Jensen's credibility or on whether Jensen was attempting to manipulate the legal system by demanding appointment of counsel and yet refusing to establish his qualification for appointment of counsel. Without findings that would support a determination that Jensen voluntarily waived his right to counsel, we are left with an insufficient basis to review whether Jensen voluntarily waived his right to be represented by a lawyer at his probation revocation hearing.

B

[¶ 16] Jensen also argues he did not knowingly and intelligently waive his right to counsel. Jensen contends he was not aware of the dangers of self-representation and his ignorance was demonstrated by his poorly executed defense.

[¶ 17] "A knowing and intelligent waiver requires a defendant be aware of the dangers and disadvantages of self-representation so the record establishes the defendant knows what he is doing and his choice is made with eyes open." *State v. Dvorak,* 2000 ND 6, ¶ 16, 604 N.W.2d 445. Determining if a waiver was knowing and intelligent is fact specific, an on-the-record warning of the dangers of self-representation is not required. *Id.* "[T]he test is not limited to what the trial court said or understood, the inquiry focuses on what the defendant understood." *Id.*

[¶ 18] Here, we do not have a record whether Jensen made a knowing

and intelligent waiver of counsel. Nor does the record reflect Jensen was advised of the "dangers and disadvantages of self-representation." *Holbach*, 2007 ND 114, ¶ 8, 735 N.W.2d 862. "[W]aiver of the right to counsel will not be presumed from a silent record and courts will indulge every reasonable presumption against waiver." *Id.* (quoting *Dvorak*, 2000 ND 6, ¶ 11, 604 N.W.2d 445).

## IV

[¶ 19]  We conclude the district court erred in allowing Jensen to represent himself at the revocation of probation hearing without making on-the-record determinations whether Jensen voluntarily, knowingly and intelligently waived his right to counsel.  The district court order revoking Jensen's probation and sentencing Jensen to three years in prison is reversed and this case is remanded for proceedings consistent with this opinion.

[¶ 20] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, concur.