Filed 3/22/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 51

In the Interest of L.T.

Hugh Thorfinnson, Petitioner and Appellee

v.

L.T., Respondent and Appellant

No. 20110040

Appeal from the District Court of Ransom County, Southeast Judicial District, the Honorable John T. Paulson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Fallon Matthew Kelly (argued), State’s Attorney, 316 Main Street, P.O. Box 391, Lisbon, ND 58054-0391, for petitioner and appellee.

Jeffrey Keith Leadbetter (argued), P.O. Box 511, Lisbon, ND 58054-0511, for respondent and appellant.

Interest of L.T.

No. 20110040

Crothers, Justice.

[¶1] L.T. appeals the district court’s order finding him “mentally ill or chemically dependent” and requiring alternative outpatient treatment including appropriate psychotropic medication and alcohol counseling.  We reverse and remand for determination whether L.T. waived his right to be present at the hearing. 

I

[¶2] L.T. was involuntarily committed to the North Dakota State Hospital from September 21, 2010, until November 1, 2010.  His involuntary commitment was based on findings that he was a danger to himself and others because he stopped taking his medications, that he told people he would harm the police if they tried to arrest him for his driving under the influence charge and would harm anyone who hurt his dog, that he had a loaded gun in his house and that he lost forty to fifty pounds in one month due to improper eating. 

[¶3] On November 1, 2010, the district court entered an order for less restrictive treatment requiring L.T. to complete outpatient treatment with the Southeast Human Service Center and to take his medications.  On December 16, 2010, the State filed a petition for continuing treatment, alleging L.T. continues to drink alcohol, has a history of not taking prescribed medication, has little insight into his psychotic symptoms, and is diagnosed with schizophrenia, paranoid type and alcohol abuse.  On December 28, 2010, a deputy sheriff served the notice of hearing by leaving the notice with E.T., L.T.’s brother, at a dwelling L.T. apparently used as his residence. 

[¶4] A continuing treatment hearing was held on January 6, 2011.  L.T. did not attend the hearing.  The court delayed the hearing for fifteen to twenty minutes past its scheduled starting time, waiting for L.T. to arrive.  The district court stated that because L.T. received notice of the hearing and because his counsel was present, the hearing would continue without L.T.’s presence.  L.T.’s attorney did not object to proceeding with the hearing in L.T.’s absence.  

[¶5] After hearing the petitioner’s witness, the district court issued an order for continuing treatment, finding L.T. suffers from psychotic disorder NOS, he is chemically dependent, his psychological conditions manifest itself in paranoia, he keeps a loaded gun in the house and he has made statements about moving to another state where he will not be forced to take treatment.  The district court also found L.T. needs treatment because he has poor insight into his condition.  L.T. appealed. 

II

[¶6] L.T. argues the district court erred by holding the continuing treatment hearing when he was not present and had not waived his right under N.D.C.C. § 25-03.1-15 to be present at the hearing.  The State claims L.T. waived his right to be present by receiving notice of the hearing and not attending, and by his attorney participating in the hearing on L.T.’s behalf. 

[¶7] We have stated: 

“Our precedents on the . . . care, treatment, and commitment of mentally ill persons, identify the conflicts between the needs for protection and liberty in imposing involuntary controls.  To balance the competing interests of protection and liberty in these situations, our decisions expect trial courts to use a clear and convincing evidentiary standard, while our appellate review under NDRCivP 52(a) uses a more probing ‘clearly erroneous’ standard.  Under this standard of review, we do not replace the trial court’s decision with our own.  Instead, we will affirm an order for involuntary treatment unless it is induced by an erroneous view of the law or if we are firmly convinced it is not supported by clear and convincing evidence.”

In re R.N.
, 513 N.W.2d 370, 371 (N.D. 1994) (quotation and internal citation omitted).  
See
 
Grinnell Mut. Reinsurance Co. v. Thompson
, 2010 ND 22, ¶ 9, 778 N.W.2d 526 (quoting 
State v. Brown
, 2009 ND 150, ¶ 15, 771 N.W.2d 267) (interpretation and application of a statute is reviewed de novo because it is a question of law).  Here, whether L.T. waived attendance at his hearing under N.D.C.C. § 25-

03.1-15 is a question of law, which we review de novo.   

[¶8] Section 25-03.1-15, N.D.C.C., provides, “The respondent must be present at all hearings unless the respondent waives the right to be present either orally or in writing.”  The United States Supreme Court and this Court have recognized “that due process for a commitment hearing, ‘requires that [the respondent] be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own.’”  
In re J.S.
, 530 N.W.2d 331, 335 (N.D. 1995) (quoting 
Specht v. Patterson
, 386 U.S. 605, 610 (1967)). 

[¶9] Our statute requires that waiver be either oral or written.  N.D.C.C. § 25-03.1-

15.  An intended beneficiary of a statute generally can waive his rights under a statute.  
See
 
Brunsoman v. Scarlett
, 465 N.W.2d 162, 167 (N.D. 1991) (“Statutory rights or benefits may generally be waived by the party entitled to such benefits.”).  Section 25-03.1-15 was intended to benefit the respondent in a mental health hearing by requiring his presence at the hearing unless waived.  

[¶10] Inherently, mental health proceedings involve respondents who are alleged to be mentally ill to a point necessitating forced treatment.  These respondents’ waiver of their right to appear at a commitment hearing present special problems requiring careful consideration.  
See
 
In re MH 2006-000749
, 152 P.3d 1201, 1206 (Ariz. Ct. App. 2007) (“[W]aiver . . . is particularly problematic in an involuntary treatment hearing such as this, which was ordered at the request of physicians who averred that the patient was so persistently or acutely disabled as a result of a mental disorder that she should be compelled to receive treatment.”).  The North Dakota Legislature has chosen to address this “particularly problematic” question by requiring that waiver be oral or in writing.  N.D.C.C. § 25-03.1-15.

[¶11] We foresee a myriad of ways by which a respondent could be found to have orally or in writing waived the right to be present at a mental health hearing.  Albeit without the need for oral or written waiver, a parallel analysis has been done when determining whether a criminal defendant has effectively waived the right to counsel.  
See, e.g.
, 
State v. Schneeweiss
, 2001 ND 120, ¶ 29, 630 N.W.2d 482 (defendant’s pattern of obstructing the legal process by repeatedly requesting new counsel and manipulating his income when applying for indigent services was a waiver of counsel); 
City of Fargo v. Rockwell
, 1999 ND 125, ¶ 16, 597 N.W.2d 406 (defendant’s continuing requests for a new court-appointed attorney after the initial request was denied was a waiver of the right to counsel); 
State v. Harmon
, 1997 ND 233, ¶ 21, 575 N.W.2d 635 (concluding defendant’s continued requests for substitute counsel after his requests were denied was a waiver of counsel).  Notwithstanding the number of circumstances under which it may be found, waiver under our law cannot be found based only on a mental health respondent’s failure to appear at the treatment hearing.  
See
 N.D.C.C. § 25-03.1-15.

[¶12] L.T. was not at the continuing treatment hearing.  The record does not indicate whether L.T. wanted to waive his right to attend the hearing, nor were findings made about the waiver issue.  Under these circumstances, it was error to hold the hearing without L.T.’s presence. 

III

[¶13] The order requiring alternative outpatient treatment with appropriate psychotropic medication and alcohol counseling is reversed and remanded for findings whether under § 25-03.1-15, N.D.C.C., L.T. waived his right to be present at the January 6, 2011 hearing.  Absent a finding of oral or written waiver, a new hearing with L.T. present is required.

[¶14] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.