2016 ND 133

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Justin Edward BAKER, Defendant and Appellant.**

No. 20150307.

Supreme Court of North Dakota.

June 30, 2016.

Carmell F. Mattison (argued) and Megha Kholwadwala (on brief), third-year law student, under the Rule on Limited Practice of Law by Law Students, Grand Forks County State's Attorney Office, Grand Forks, N.D., for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Justin Baker appeals from the criminal judgment entered after a jury found him guilty of escape. He argues he was denied his Sixth Amendment right to counsel when the district court allowed his appointed counsel to withdraw from the case. We conclude the record does not establish Baker knowingly and intelligently waived his right to counsel, and we reverse and remand for a new trial.

I

[¶ 2] While Baker was serving jail time at the Grand Forks County Correctional Center, he was granted temporary leave. He failed to return, and was charged with escape, a class C felony. Baker was granted appointed counsel, and they reached a plea agreement with the State. After reaching the plea agreement, Baker spoke with his family and decided he would rather go forward with a trial.

[¶ 3] At the change of plea hearing, Baker's attorney informed the district court that Baker would not accept the plea

agreement and would like to proceed to trial with a new attorney. Because of the assurances he had made to the State's attorney and the court, and to avoid future ethical issues or complaints, the attorney stated he wished to withdraw from the case. When asked by the court whether he had talked to another attorney for private hire, Baker stated his father was trying to get ahold of a contact of his but had been unable to reach him. The court informed Baker it was inclined to approve his attorney's motion to withdraw, if filed, and also informed Baker he would be allowed to obtain private counsel if he desired. The court stated, however, that a new attorney would not be appointed, because his current appointed counsel was capable of representing him and proceeding to trial.

[¶ 4] After the hearing, Baker's appointed counsel moved to withdraw from the case, and the district court granted the motion. At trial, Baker represented himself. The jury found him guilty of escape.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 29–32.1–03. Baker's appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

## II

[¶ 6] On appeal, Baker argues he was denied his Sixth Amendment right to counsel when the district court allowed his appointed attorney to withdraw from the case without appointing another attorney to represent him.

[¶ 7] Both the North Dakota Constitution and the Sixth Amendment of the United States Constitution mandate the right to counsel in criminal cases. *See* N.D. Const. art. I, § 12 ("In criminal prosecutions in any court whatever, the party

accused shall have the right to . . . appear and defend in person and with counsel."); U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense."). "The right to appointed counsel is a limited right, not an absolute right." *State v. Schneeweiss*, 2001 ND 120, ¶ 7, 630 N.W.2d 482.

[¶ 8] Under N.D.R.Crim.P. 44(a)(1):

An indigent defendant facing a felony charge in state court is entitled to have counsel provided at public expense to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right.

[¶ 9] Here Baker was originally granted appointed counsel upon his request. At the hearing, Baker's attorney stated that Baker wished to proceed to trial and obtain new counsel. The only time the district court ever asked for a response from Baker himself was to ask whether he intended to hire private counsel. Baker stated, "My father has been trying to get ahold of a contact of his. He was unable to get ahold of them yesterday, unfortunately, before we had to come in today. But he's still in the process of doing that." After hearing this, the court stated:

If you file your Motion to Withdraw and if the State does not have any objection to that, the Court is inclined to approve that. In addition, the Court is not going to reappoint another defense counsel based on what I've heard so far. So it's going to be private counsel or pro se.

[¶ 10] We have held that before defendants will be allowed to represent themselves in legal proceedings, they must voluntarily, knowingly, and intelligently relinquish the benefits of counsel. *State v. Dvorak*, 2000 ND 6, ¶ 10, 604 N.W.2d 445.

"A knowing and intelligent waiver requires a defendant be aware of the dangers and disadvantages of self-representation so the record establishes the defendant knows what he is doing and his choice is made with eyes open." *Id.* at ¶ 16. "[T]he test is not limited to what the trial court said or understood, the inquiry focuses on what the defendant understood." *Id.*

[¶ 11] In this case, nothing in the record suggests the disagreements between Baker and his appointed attorney amounted to irreconcilable conflicts or conflicts of interest. There was nothing discussed regarding the disagreements, other than Baker's desire to hire new, private counsel. There was no evidence that Baker's desire to hire private counsel was intended primarily to delay the trial. The court simply informed Baker that "the Court is not going to reappoint another defense counsel based on what I've heard so far. So it's going to be private counsel or pro se." Shortly after the hearing, Baker's attorney moved to withdraw from the case, and the district court granted the request. Nothing in the record suggests Baker was ever asked whether he wished his attorney to withdraw. He never stated to the court himself that he wished his attorney to withdraw. He also never unequivocally stated that he wished to represent himself. *See State v. Ochoa,* 2004 ND 43, ¶ 16, 675 N.W.2d 161 (citing *Hamilton v. Groose,* 28 F.3d 859, 862 (8th Cir.1994)) ("Generally, the defendant must make a 'knowing, intelligent, voluntary, and unequivocal request before [a court may conclude] he has waived his right to counsel and invoked his right to represent himself.' "). The record does not establish the court informed Baker of the dangers and disadvantages of proceeding without the skill and experience of counsel, before allowing his appointed attorney to withdraw.

[¶ 12] Although an indigent defendant is not entitled to choose his appointed counsel, *State v. Foster,* 1997 ND 8, ¶ 14, 560 N.W.2d 194, the record does not establish the district court considered other options for Baker. When Baker's appointed counsel sought to withdraw because Baker intended to hire a different attorney, the district court should have denied the request until Baker informed the court new counsel had been obtained. In this way, Baker still would have had his constitutionally guaranteed right to counsel in place when he was unable to find a different attorney. A court should not encourage appointed counsel to withdraw from a case when it finds the attorney is capable of representing the client and proceeding to trial. When the district court informed Baker that he would have to proceed with either private counsel or by representing himself, he entered the trial believing he had no other choice, because those were the two options the court gave him. We therefore conclude the record does not establish Baker knowingly and intelligently waived his right to counsel in this case.

III

[¶ 13] We reverse and remand for a new trial.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.