# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2020 ND 51

State of North Dakota,                                    Plaintiff and Appellee

 v.

Blain Ovind,                                                 Defendant and Appellant

No. 20190351

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Allen M. Koppy, Morton County State's Attorney, Mandan, ND, for plaintiff and appellee; submitted on brief.

Blain Ovind, self-represented, Bismarck, ND, defendant and appellant; submitted on brief.

**VandeWalle, Justice.**

[¶1]   Blain Ovind appealed from a district court judgment entered after a jury found him guilty of two counts of construction fraud, two counts of acting as a contractor without a license, and one count of disobedience of a judicial order. On appeal, Ovind argues the district court erred by denying his requests for court-appointed counsel, and his convictions should be reversed because of prosecutorial misconduct. We affirm.

I

[¶2]   In April 2018, Ovind was charged with two counts of construction fraud, two counts of acting as a contractor without a license, and one count of disobedience of a judicial order. On October 3, 2018, Ovind submitted an application for indigent defense services. On his application, Ovind listed his wife's income. His wife was employed full time and was paid $18.48 an hour, which equates to approximately $2,956.80 per month. Ovind's request for appointed counsel was denied because his household income exceeded the maximum amount to be declared indigent. Ovind again requested appointed counsel on December 21, 2018, arguing his wife's income should not be considered because it went toward their living expenses. His request was again denied because his household income exceeded the maximum amount to be declared indigent.

[¶3]   On June 11, 2019, the case proceeded to trial, and Ovind represented himself at trial. A jury found Ovind guilty on all counts. On August 26, 2019, Ovind submitted a third request for court-appointed counsel for sentencing, post-judgment motions, and appeal. Ovind's third request was denied.

II

[¶4]   The right to counsel in a criminal case is required by the Sixth Amendment of the United States Constitution and by the North Dakota Constitution. U.S. Const. amend. VI ("In all criminal prosecutions, the accused

shall enjoy the right to . . . have the Assistance of Counsel for his defence."); N.D. Const. art. I, § 12 ("In criminal prosecutions in any court whatever, the party accused shall have the right to . . . appear and defend in person and with counsel."); *Gideon v. Wainwright*, 372 U.S. 335 (1963) (holding the Sixth Amendment's right to counsel applies to the states through the due process clause of the Fourteenth Amendment); *John v. State*, 160 N.W.2d 37, 44 (N.D. 1968) (recognizing the holding in *Gideon v. Wainwright*).

[¶5] A criminal defendant's right to counsel is provided through N.D.R.Crim.P. 44(a), which states:

> (1) *Felony Cases*. An indigent defendant facing a felony charge in state court is entitled to have counsel provided at public expense to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right.
> (2) *Non-Felony Cases*. An indigent defendant facing a non-felony charge in state court is entitled to have counsel provided at public expense to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right or the magistrate determines that sentence upon conviction will not include imprisonment.
> (3) *Non-Indigent Defendants*. The court may appoint counsel to represent a defendant at the defendant's expense if the defendant is unable to obtain counsel and is not indigent.

"The right to appointed counsel is a limited right, not an absolute right." *State v. Schneeweiss*, 2001 ND 120, ¶ 7, 630 N.W.2d 482 (citing *State v. DuPaul*, 527 N.W.2d 238, 240-41 (N.D. 1995)). "We have cautioned there is no legal reason to appoint counsel for defendants who can afford to obtain their own counsel." *Id.* (citing *DuPaul*, 527 N.W.2d at 241); *State v. Fontaine*, 382 N.W.2d 374, 375-76 (N.D. 1986). "Defendants bear the burden of proving they are indigent and qualify for appointed counsel." *Schneeweiss*, at ¶ 10 (citing *DuPaul*, 527 N.W.2d at 242). "On review of a trial court's denial of a request for appointed counsel, we inquire whether the trial court acted arbitrarily, unconscionably, or unreasonably." *Id.* at ¶ 7 (citing *DuPaul*, 527 N.W.2d at 240).

[¶6] The North Dakota Commission on Legal Counsel for Indigents has established eligibility guidelines for indigent defense services. *See* N.D.C.C. § 54-61-01(1) (establishing the commission on legal counsel for indigents); N.D.C.C. § 54-61-02(1)(a)(1) (providing authority for commission to develop indigent defense services eligibility standards). Under the guidelines, "Applicants with income resources in excess of 125% of the federal poverty level, as indicated on the current version of the 'Income Guidelines,' will generally not qualify for indigent defense services." N.D. Comm'n on Legal Counsel for Indigents, *Guidelines to Determine Eligibility for Indigent Defense Services* 8 (revised March 20, 2014). Under the 2018 "Income Guidelines," a defendant living in a two-person household was eligible for indigent defense services when his or her annual gross household income was $20,575 or less, his or her monthly gross household income was $1,715 or less, or his or her weekly gross household income was $396 or less. N.D. Comm'n on Legal Counsel for Indigents, *Income Guidelines 2018* (2018). Under the 2019 "Income Guidelines," a defendant living in a two-person household was eligible for indigent defense services when his or her annual gross household income was $21,138 or less, his or her monthly gross household income was $1,762 or less, or his or her weekly gross household income was $407 or less. N.D. Comm'n on Legal Counsel for Indigents, *Income Guidelines 2019* (2019). Household income includes the income of the defendant applying for indigent defense services and the applicant's spouse. *See Guidelines to Determine Eligibility for Indigent Defense Services*, *supra*, at 9-10. "If the applicant has indicated that the spouse's income and assets should not be considered for some specified reason, the spouse should not be included in the members of the household." *Id*. at 10.

[¶7] On his application for indigent defense services, Ovind listed his wife's income as approximately $2,956.80 per month. This was over $1,000 per month more than the maximum monthly income to be eligible for appointed counsel under both the 2018 and 2019 guidelines. Ovind proclaimed his wife's income should not be considered because it goes entirely towards living expenses. However, given Ovind's household income is substantially more than the maximum to be eligible under the guidelines, Ovind failed to carry his burden of proving his indigency. After reviewing the record, we conclude the district

3

court did not act arbitrarily, unconscionably, or unreasonably and properly declined to approve Ovind's applications for indigent defense services.

## III

[¶8]   Ovind argues his convictions should be reversed because of prosecutorial misconduct. "[I]f the record on appeal does not allow a meaningful and intelligent review of the trial court's alleged error, we will decline to review it." *State v. Gray*, 2017 ND 108, ¶ 16, 893 N.W.2d 484 (citing *Klose v. State*, 2005 ND 192, ¶ 13, 705 N.W.2d 809; *State v. Hilgers*, 2004 ND 160, ¶ 19, 685 N.W.2d 109). Ovind failed to file a trial transcript on appeal. Without a trial transcript, it is impossible for this Court to conduct a meaningful and intelligent review into Ovind's allegations, and we decline to do so. *Id.*; *State v. Palacio*, 2017 ND 273, ¶ 1, 904 N.W.2d 41 (per curiam).

## IV

[¶9]   The criminal judgment is affirmed.

[¶10] Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Jon J. Jensen, C.J.